(Pleito No. 58.—Fallado el 19 de Junio de 1900.)

## Bolívar contra Santana.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Recursos por quebrantamientos de forma. Un recurso por quebrantamiento de forma al declarar con lugar una excepción de incompetencia de jurisdicción no será procedente en cuanto se funda en la sección quinta del artículo 1,691 de la Ley de Enjuiciamiento Civil, á no ser que la falta de práctica de la diligencia de prueba sea tal que produzca indefensión.
2.—Costas. Cuando se declara no haber lugar á un recurso por quebrantamiento de forma, procede imponer las costas al recurrente.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á diez y nueve de Junio de mil novecientos, en el recurso de casación por quebrantamiento de forma que ante Nos pende en juicio ejecutivo seguido entre partes, de una Don Gorgonio Bolívar y Alvarez, vecino y del comercio de esta Ciudad, dirigido por el Letrado Don Herminio Díaz Navarro y de otra, Doña Luisa Santana y López, viuda de Vila, mayor de edad, propietaria y vecina de San Lorenzo, por su propio derecho y en representación de sus menores hijos no emancipados Doña Angela, Don Jaime y Don Luis Vila y Santana, Don Ge-

rardo Vila y Santana, Don Delfín Vila y Santana y Don Julio Janer y Márquez, consorte de Doña Rosa Vila y Santana, herederos todos de Don Jaime Vila y Canals, representados por el Letrado Don Rafael López Landrón; cuyo recurso fué establecido por el Licenciado Díaz Navarro contra sentencia del Tribunal de Distrito de San Juan de veinte y cuatro de Febrero del año actual, anunciando á la vez el de infracción de ley.—Resultando: Que en diez y ocho de Agosto de mil ochocientos noventa y siete ante el Notario de Cayey Don Luis Muñoz Morales confesó Don Jaime Vila Canals haber recibido con anterioridad de Don Gorgonio Bolívar y Alvarez la suma de veinte mil pesos provinciales, la que se comprometió á pagar en diversos plazos, constituyendo Vila en garantía de su deuda hipoteca voluntaria sobre una finca de su propiedad formada de siete porciones que en junto componen un todo de ciento noventa y seis cuerdas, equivalentes á setenta y siete hectáreas, tres áreas y cincuenta y ocho centiáreas, situada en el término municipal de Hato-Grande, Registro de la Propiedad de Caguas, conteniendo la escritura la cláusula siguiente: " 9ª Los contratantes designan la Ciudad de Caguas, en cuyo Distrito judicial radica la finca, como sitio en que ha de cumplirse este contrato, señalándole como domicilio para los actos y diligencias judiciales y extrajudiciales á que diese lugar, sometiéndose expresamente á los Señores Jueces y Tribunales del partido."—Resultando: Que el Letrado Don Herminio Díaz Navarro en representación de Don Gorgonio de Bolívar compareció en veinte y dos de Septiembre de mil ochocientos noventa y nueve ante el Tribuual de Distrito de San Juan con demanda ejecutiva por la suma de cuatro mil quinientos diez pesos é intereses desde treinta y uno de Enero de mil ochocientos noventa y nueve contra la sucesión de Don Jaime Vila Canals compuesta de su viuda Doña Luisa Santana López y de sus hijos Don Gerardo, Doña Rosa, Don Delfín, Doña Angela, Don Jaime y Don Luis Vila y Santana, y acompañando á su escrito una copia de la escri-

tura que queda relacionada, una certificación del Registrador de la Propiedad de Caguas y otra certificación de la defunción de Don Jaime Vila Santana, y librado el oportuno mandamiento de ejecución y practicado el embargo de la finca hipotecada, se personó el Licenciado Don José Tous á nombre de Doña Luisa Santana por sí y en representación de sus menores hijos no emancipados Doña Angela, Don Jaime y Don Luis Vila y Santana, de Don Gerardo y Don Delfín Vila y Santana y Don Julio Janer y Márquez en representación de su consorte Doña Rosa Vila y Santana, y, sin contradecir los hechos relativos al contrato y lugar de él y su cumplimiento, se opuso á la ejecución, sosteniendo las excepciones de incompetencia de jurisdicción, falta de personalidad y otras causas de nulidad además, no pertinentes para el objeto de este recurso y solicitando se remitieran los autos al Tribunal de Distrito de Humacao por ser el competente para conocer del juicio, y celebrada la comparecencia á que se refieren las reglas 51 y 69 de la Orden General número 118, serie de 1,899, propusieron las partes las pruebas que estimaron pertinentes las que fueron admitidas, consistiendo la del actor en posiciones que debía evacuar la demandada Doña Luisa Santana.—Resultando : Que señalado el día para la celebración del juicio no compareció la demandada, que había sido citada personalmente, y á petición del Letrado representante de la demandada, que sostuvo que no pudiendo el Tribunal entrar en el fondo de la cuestión por tener que decidir previamente respecto á las excepciones dilatorias propuestas, y con protesta del Letrado representante del demandante, el Tribunal vista la conformidad de las partes en los hechos en que se fundaban las excepciones dilatorias, acordó se prescindiera de la práctica de pruebas y procedió á votar la sentencia la que, firmada en los autos con fecha cuatro de Febrero último, contiene el pronunciamiento que sigue : "Declaramos con lugar las excepciones dilatorias de incompetencia de jurisdicción y de falta de personalidad opuestas por la parte

demandada en este pleito, quien no viene obligado á contestar la demanda establecida contra ella, sin especial condenación de costas."—Resultando : Que contra dicha sentencia estableció recurso de casación por quebrantamiento de forma y anunció el de infracción de ley el Letrado Don Herminio Díaz Navarro, autorizado aquél por los artículos 1,687 y 1,688 de la Ley de Enjuiciamiento Civil y párrafos 62 y 68 de la Orden General 118 de 1899, y fundándolo en el caso 5º del artículo 1,691 ; cuyo recurso fué impugnado por la parte recurrida.—Visto, siendo Ponente el Sr. Juez Asociado Don Rafael Nieto Abeillé.—Considerando : Que para que sea procedente el recurso de casación por quebrantamiento de forma con arreglo al número 5º del artículo 1,691 de la ley procesal civil, es necesario que la falta de práctica de la diligencia de prueba á que el recurso se refiera haya podido producir indefensión, y evidentemente no la produjo en este juicio la no comparecencia de la demandada á evacuar posiciones ; pues debiendo referirse éstas como el representante del demandante afirma, á la interpretación de la cláusula de sumisión consignada en la escritura origen del pleito, escritura en la que no intervino la demandada Doña Luisa Santana que, por otra parte, sólo constituiría una de las ramas de la sucesión demandada, tal interpretación sólo podría tener el valor de una opinión particular, en nada afectaría al derecho aplicable por el Tribunal para resolver sobre las excepciones ; por lo que el Tribunal sentenciador no ha infringido el número 5º del artículo 1,691 citado por el recurrente.—Considerando : Que cuando se declara no haber lugar al recurso de casación por quebrantamiento de forma, procede, con arreglo al artículo 1,765 de la Ley de Enjuiciamiento Civil, imponer las costas al recurrente.—Fallamos : Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma que contra la sentencia del Tribunal del Distrito de San Juan de veinte y cuatro de Febrero de mil ochocientos noventa y nueve, ha establecido la representación de

Don Gorgonio de Bolívar, al que condenamos en las costas ; y dése cuenta para sustanciar el recurso por infracción de ley.—Así por esta nuestra sentencia que se publicará en la *Gaceta*, irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez y nueve de Julio de mil novecientos.—E. de J. López Gaztambide.